UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHANNON A. DARDAR AND NANCY G. DEABATE | * * | CIVIL ACTION  NO. _____ |
| Plaintiffs, | * * * | SECTION: _____ |
| VERSUS | * * | JUDGE: _____ |
| AMERIQUEST MORTGAGE COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY | * * * * | MAGISTRATE JUDGE: _____ |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT NOTICE OF REMOVAL

Defendants Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, the "Removing Defendants"), while fully reserving their rights to object to service, service of process, the sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person or venue, and without waiving any of their other defenses or objections, remove to this Court the civil action bearing the caption, *Shannon A. Dardar and Nancy J. DeAbate v. Ameriquest Mortgage Company and Deutsche Bank National Trust Company,* No. 2010-12341, Div. D, originally filed in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, by plaintiffs Shannon A. Dardar and Nancy J. DeAbate (collectively "Plaintiffs") as follows:

<u>Removal Jurisdiction</u>

1.

This Court's removal jurisdiction is based on federal question jurisdiction as provided in 28 U.S.C. § 1331 and 28 U.S.C. §§ 1441(a) and (b), and diversity jurisdiction as provided in 28 U.S.C. § 1332.

<u>Federal Question Jurisdiction</u>

2.

Plaintiffs allege that they did not receive certain "written disclosures" in connection with their mortgage loan.  *See* Petition at unnumbered page 2.  The claims asserted by Plaintiffs include allegations that, among other things, Ameriquest did not give Plaintiffs a "good faith <u>truth in lending</u> statement."  *See* Petition at unnumbered page 3 (emphasis added).  Plaintiffs also allege that Ameriquest did not give Plaintiffs a "good faith" "estimate" or "statement" at the loan closing.  *See* Petition at unnumbered pages 2, 3.  Plaintiffs further allege that they did not receive copies of their loan documents.  *See* Petition at unnumbered pages 2, 5-6.

3.

The federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), "requires creditors with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed. 2d 566 (1998); 15 U.S.C. § 1638(a).  These disclosures are found in a "Truth in Lending Disclosure Statement," which contains the key terms of the loan.  *See James v. New*

*Century Mortgage Corp.*, No. 04-194, 2006 WL 2989242, at *3 n.12 (E.D. La. Oct. 17, 2006) (citing 15 U.S.C. § 1631). TILA also requires that a creditor in a residential mortgage transaction provide the borrower with a "good faith estimate" of required TILA disclosures. *See* 15 U.S.C. § 1638(b)(2).

4.

Based on these allegations that Ameriquest failed to provide written "truth in lending" disclosures, Plaintiffs' claims arise under federal law, and this Court has original subject matter jurisdiction over this case.

## Diversity Jurisdiction

5.

**Parties:** Plaintiffs are now and were at the time of the filing of the Petition, and during all times intervening, citizens of the State of Louisiana. *See* Petition at unnumbered page 1. Defendant Ameriquest is now and was at the time of the filing of the Petition, and during all times intervening, a citizen of the state of Delaware incorporated under the laws of the state of Delaware and having its principal place of business in the state of California. Deutsche Bank is national banking association with its main office, as designated by its articles of association, in California. Accordingly, for diversity purposes, Deutsche Bank is a citizen of California. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318, 126 S.Ct. 941, 163 L.Ed. 2d 797 (2006). Complete diversity exists between the parties.

6.

**Amount in Controversy:** The Petition alleges that Plaintiffs overpaid $53,474.93 on their prior Ameriquest loan, which was refinanced by Ameriquest.

*See* Petition at unnumbered page 10.  Plaintiffs also allege that their payment of $44,830.30 to Ameriquest in connection with Dardar's bankruptcy action was not applied to the principal balance of the loan, and that Ameriquest did not forgive "interest and all late fees and attorney fees."  *See* Petition at unnumbered page 7.

7.

In addition to the alleged overpaid or misapplied loan payments exceeding $98,000.00, Plaintiffs also each seek compensation for the "humiliation" of being "forced" into bankruptcy, the "devastation of repeat financing," "all physical, mental anguish, stress and costs associated with the loan, the court costs and punitive damage" as well as "all other damages perpetrated" by Ameriquest and Deutsche Bank "and all other parties that may be involved."  *See* Petition at unnumbered pages 2, 12.

8.

Furthermore, if Plaintiffs are able to prove a violation of TILA, they may be entitled to their actual damages, civil penalties, and attorneys' fees.  *See* 15 U.S.C. § 1640(a).  Although the Removing Defendants deny that any penalties, attorney's fees, or actual damages are due, the Plaintiffs' claims for these damages should be considered in determining the amount in controversy.

9.

The Removing Defendants need only establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  A defendant can make this showing in one of two ways: (1) by demonstrating that it is "facially apparent" that

the claims are likely above $75,000.00, or (2) by setting forth the facts in controversy that support a finding of the requisite amount. *Schmit v. State Farm Fire & Cas. Co.*, No. 07-5052, 2007 WL 3224161, at *1-2 (E.D. La. Oct. 29, 2007) *(citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

10.

Plaintiffs' allegations demonstrate that it is "facially apparent" that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. The facts in controversy also support a finding of the requisite amount.

11.

This Court has supplemental jurisdiction over all other claims asserted in the Petition in accordance with 28 U.S.C. §§ 1367(a) and/or 1441(c).

12.

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after the attempted (but improper) service of summons upon Deutsche Bank, through its attorney, on April 27, 2010, and upon Ameriquest, through its agent for service of process, on May 3, 2010.

13.

A copy of the Notice of Removal has been sent to Plaintiffs, in proper person, and to all counsel of record, and will be filed with the Clerk of Court for the Twenty-Second Judicial District Court for the Parish of St. Tammany.

14.

Pursuant to 28 U.S.C. § 1446(a), attached to this Notice of Removal are copies of all process, pleadings, and orders served upon Ameriquest (Ex. A) and Deutsche Bank (Ex. B) through this date.

WHEREFORE, defendants Ameriquest and Deutsche Bank pray that the state court action be removed from the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

**Respectfully submitted, this 27th day of May, 2010.**

> */s/ Lisa D. Munyon*
> ANTHONY ROLLO (La. #01133)
> LISA D. MUNYON, T.A. (La. #24575)
> McGLINCHEY STAFFORD, PLLC
> 12th Floor
> 601 Poydras Street
> New Orleans, LA  70130
> Telephone:  (504) 586-1200
> Facsimile:   (504) 596-2800
> ATTORNEYS FOR DEFENDANT
> AMERIQUEST MORTGAGE COMPANY
>
> */s/ Victor J. Franckiewicz, Jr.*
> VICTOR J. FRANCKIEWICZ, JR., T.A. (La. #22373)
> BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
> 1100 Poydras Street, Suite 2900
> New Orleans, LA  70130
> Telephone:  (504) 585-7383
> Facsimile: (504) 585-7301
> ATTORNEYS FOR DEFENDANT
> DEUTSCHE BANK NATIONAL TRUST COMPANY

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.  Service to plaintiffs, in proper person, and to all known counsel of record who have not consented to email notification and electronic service has been made via U.S. Mail, postage prepaid, this 27th day of May, 2010.

*/s/ Lisa D. Munyon*
LISA D. MUNYON

872581.1