UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON A. DARDAR AND
NANCY G. DEABTE                                              CIVIL ACTION

VERSUS                                                       NO. 10-1589

AMERIQUEST MORTGAGE CO. AND
DEUTSCHE BANK NATIONAL TRUST CO.                             SECTION "K" (5)

ORDER AND OPINION

Defendants Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company ("Deutsche Bank") filed motions to dismiss the current action for failure to state a claim. Deutsche Bank also moves to dismiss for insufficiency of service. For the reasons detailed below, the Court grants the motions to dismiss.

The facts of this case are relatively difficult to ascertain from the pleadings. Plaintiffs Shannon Dardar and her sister Nancy DeAbate, entered into a contract for a home mortgage loan with Ameriquest in May of 2003. Dardar asserts that the purpose of the loan was to pay off an outstanding mortgage on the adjacent parcel of land, and to provide her with $30,000.00 to improve her property.

From the muddled facts asserted in the pleadings, it seems that Dardar first raised issues regarding the loan approximately 10 months after its origination, around March 2004, when she learned that the loan on the adjacent parcel had not been paid off. In December 2004, Dardar filed for bankruptcy. In her bankruptcy proceeding, Dardar acknowledged that she had an outstanding loan with Ameriquest, and proposed her own payment plan to cure the default. Dardar also disclosed in her 2004 voluntary petition for bankruptcy that she had a claim against

1

Ameriquest for "predatory lending." At some point thereafter Ameriquest transferred its interest in the loan to Deutsche Bank, which is now a trustee for the loan.

Dardar filed this suit against Ameriquest and Deutsche Bank on April 8, 2010 in state court, and the Defendants removed it to this court. Dardar alleges in her complaint that Ameriquest:

- Failed to provide information required by the Truth in Lending Act pursuant to 15 § 1631, such as the origination fees;
- Did not pay off the outstanding loan on the adjacent lot as agreed upon;
- Misrepresented the size of the land in their appraisal and as such overvalued Dardar's property;
- Forged initials and/or signatures on the mortgage documents; and
- Hid its actions by failing to provide Dardar with copies of documents when she requested them.

Because Plaintiffs filed this suit *pro se*, we construe the facts broadly to examine all possible claims. Essentially, Dardar alleges possible claims of violation of the Truth in Lending Act, fraud, fraudulent inducement, negligent misrepresentation and detrimental reliance. Dardar claims that Ameriquest's actions forced her into Chapter 13 bankruptcy.

In order to withstand a motion to dismiss under Rule 12(b)(6), a claimant must show the grounds giving rise to entitlement for relief and not merely make legal conclusions or recitations of the elements of a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The *Bell Atl. Corp.* ruling specifically overruled the holding of *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 (1957), that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Instead, the question "is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the claim states any valid claim for relief." *Lowery v. Texas A&M University System,* 117 F.3d 242, 247 (5th Cir. 1997)(quoting 5 Charles

A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969)).

It is undisputed that as an action before this Court in diversity, Louisiana law applies to the state law claims. *Erie R.R. v. Thompkins,* 304 U.S. 64 (1938). Federal law governs the claim deriving from the Truth in Lending Act.

For purposes of these motions, the Court assumes that the allegations of Plaintiff's complaint are true; namely that they were not provided with a Truth in Lending disclosure, that Ameriquest forged initials on the mortgage documents, that Ameriquest failed to pay off the loan on the adjacent mortgaged land as promised, and that the appraisal of Plaintff's land was incorrect. Defendants urge that Plaintiffs' claims must be dismissed because they are prescribed. The relevant question is whether or not Plaintiff's claims are in fact prescribed and should therefore be dismissed regardless of their merit.

First, Plaintiffs assert that Ameriquest violated the Truth in Lending Act ("TILA") by not providing them with a Truth in Lending disclosure. Regardless of whether there was a valid disclosure, 15 U.S.C. § 1640(e) states that a consumer's rights are subject to a one-year prescriptive period that begins to run on the date of the violation. *McGowan v. Ramey*, 484 So. 2d 785 (La.App. 1 Cir. 1986). Dardar entered into the mortgage with Ameriquest in May 2003, and Plaintiffs filed this case almost seven years later in April 2010; thus, the TILA claim is prescribed on its face.

As to the remaining claims, Plaintiffs make no showing, or even an allegation, of an injury. The Fifth Circuit has previously found that dismissal is proper where alleged fraudulent activity did not result in damages. *America's Favorite Chicken Co. v. Cajun Enters.*, 1996 U.S. Dist. LEXIS 7879 (E.D. La. 1996). Plaintiffs make no mention of how they were harmed by the

addition of signatures or initials, so the fraud claim cannot stand.

Moreover, like the Truth in Lending claim, Plaintiffs' negligent misrepresentation claim is prescribed. Negligent misrepresentation has a prescriptive period of one year. *Brill v. Catfish Shaks of America, Inc.*, 727 F. Supp. 1035, 1038 (E.D. La. 1989). Just like a cause of action for fraud, prescription begins to run from the date of injury or from the time that the Plaintiffs knew or should have known a cause of action existed. *Id.* Here, Plaintiffs' claim arises from the allegation that Ameriquest led them to believe that it would pay off the loan on an adjacent piece of land, while Ameriquest asserts that the mortgage agreement only involved one lot. Plaintiffs had notice that the loan on the adjacent land was not paid off by at least March 2004, well before the filing date of April 2010. Plaintiffs acknowledge that a few months after the closing date, Dardar received a call from the loan servicer that alerted her to the fact that the loan on the adjacent land had in fact not been paid off. Therefore, Plaintiffs had notice of a claim for negligent misrepresentation far more than one year prior to the filing of this suit and the prescriptive period has run.

Even assuming *arguendo* that there was an injury for the remaining claims of fraudulent inducement and detrimental reliance, *i.e.* the alleged forced bankruptcy, the claims are barred by *res judicata*. Under this doctrine, attempts to relitigate matters that were raised or could have been raised during a bankruptcy proceeding are barred. *In re Baudoin*, 981 F.2d 736, 739 (5th Cir.1993). The Fifth Circuit has held that "a bankruptcy judgment bars a subsequent suit if: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases." *Id.* at 740. Here, the first three requirements are met: (1) Dardar

and Ameriquest were both parties to the bankruptcy; (2) the confirmation of the bankruptcy plan was issued by a bankruptcy judge in the Eastern District of Louisiana; and (3) the bankruptcy plan was not only confirmed, but Dardar was later discharged. See *Eubanks v. Federal Deposit Ins. Corp.*, 977 F.2d 166, 172 (5th Cir. La. 1992) (holding that a bankruptcy court's confirmation order is binding and final). The only point of contention is whether the same cause of action is at issue in both the bankruptcy and the current case.

The Fifth Circuit uses the transactional test to analyze this question, and the relevant inquiry is "whether the two actions are based on the same nucleus of operative facts." *In re Baudoin*, 981 F.2d at 743 (quoting *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)). In *Baudoin*, the Fifth Circuit acknowledged that the debtor's claim was based on the same mortgage agreement and documents, used to establish the creditor's proof of claim in the bankruptcy proceeding, and stated "[i]t is difficult to imagine a more common nucleus of operative facts." *Id.* Similarly, the mortgage agreement between Plaintiffs and Ameriquest not only gives rise to the claims in this action, but also gave rise to Ameriquest's proof of claim in the 2004 bankruptcy, which was uncontested by Dardar. Plaintiffs specifically allege that Ameriquest's actions forced Dardar into bankruptcy. Therefore, this action could have been brought as a counterclaim against Ameriquest in the bankruptcy proceeding. Instead, Dardar proposed a repayment plan, even while acknowledging that she had a "predatory lending" claim against Ameriquest. Thus, the same factual nexus, namely the execution of the mortgage agreement, gives rise to both the bankruptcy action and the current claims, and therefore the remaining actions are barred by *res judicata*.

Having disposed of all claims pursuant to the 12(b)(6) motions, we need not address

Deutsche Bank's claim of insufficiency of service. Accordingly,

**IT IS ORDERED** that Ameriquest's and Deutsche Bank's motions to dismiss are **GRANTED.**

New Orleans, Louisiana, this 16th day of March, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE