UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHANNON A. DARDAR and NANCY J. DEABATE | * * * | CIVIL ACTION NO. 10-1589 |
| Plaintiffs | * | SECTION: K |
| VERSUS | * * | JUDGE STANWOOD R. DUVAL, JR. |
| AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY | * * * | MAGISTRATE: 5 MAG. JUDGE ALMA L. CHASEZ |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### AMERIQUEST'S OPPOSITION TO DARDAR'S MOTION FOR REHEARING OR RECONSIDERATION OF PORTION OF COURT'S ORDER AND OPINION DATED MARCH 16, 2011

Defendant Ameriquest Mortgage Company ("Ameriquest") opposes the Motion for Rehearing or Reconsideration of Portion of Court's Order and Opinion Dated March 16, 2011 ("Motion for Reconsideration") filed by Plaintiff Shannon A. Dardar. The Court rightly decided Ameriquest's Motion to Dismiss and rightly entered judgment dismissing the claims asserted by Plaintiffs against Ameriquest.

According to the Court's Order and Opinion promulgated in connection with Ameriquest's Motion to Dismiss, only Plaintiffs' "claims of fraudulent inducement and detrimental reliance, *i.e.* the alleged forced bankruptcy . . ." were dismissed as *res judicata*.

(Rec. Doc. No. 33 at 4.) All other claims were dismissed for other legal reasons. (*See generally* Rec. Doc. No. 33.) Consequently, Plaintiff's Motion for Reconsideration addresses only these two causes of actions.

The Court should deny Plaintiff's Motion for Reconsideration because Plaintiff has not provided any newly discovered or previously unavailable evidence, nor has she alleged or demonstrated that the motion is necessary to correct a manifest error of fact or law; that the motion is necessary to prevent manifest injustice; or that the motion is justified by an intervening change in the controlling law. *See Pamlab, LLC v, Brookstone Pharm.*, LLC, 09-7434, 2011 WL 63891 at *3 (E.D. La. 1/6/2011). Further, according to the well-settled law of the Fifth Circuit, and as accurately decided by this Court, all causes of action arising from Plaintiffs' May 24, 2003 mortgage loan with Ameriquest are *res judicata*. *See Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 169 (5th Cir. 1992).

## LAW AND ARGUMENT

**A.     Reconsideration is an extraordinary remedy that should be used sparingly.**

Plaintiff has styled her motion as Motion for Rehearing or Reconsideration of Portion of Court's Order and Opinion Dated March 16, 2011 ("Motion for Reconsideration"). (Rec. Doc. No. 35.) The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). The Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending on when the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for

reconsideration is analyzed under Rule 59(e) if it is served within 28 days of a court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, Plaintiff filed her Motion for Reconsideration within 28 days of the Court's order; the motion is thus properly considered under Rule 59(e).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). Moreover, reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

    **B.**    **Plaintiff's reason for requesting reconsideration is not "newly discovered evidence."**

When considering a Rule 59(e) motion to reconsider, a court may ***not*** grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not

919358.1

have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003).

In her Motion for Reconsideration, Plaintiff claims that the bankruptcy judge was "confused" and committed an error by denying as moot her Motion to Review Loan Document (originally filed as Rec. Doc. No. 125 in Case No. 04-19321 in the USBC for the EDLA). (Rec. Doc. No. 35 at 2.) Nevertheless, it is clear that any alleged error on the part of the bankruptcy court could and should have been addressed in the bankruptcy court or, could have been brought to the attention of this Court long before the March 16, 2011 Order and Opinion and Judgment were entered.

The error allegedly committed by the bankruptcy court occurred on September 22, 2010, when the bankruptcy court issued its order. (Rec. Doc. 35-2.) This Court did not enter Judgment on Ameriquest's Motion to Dismiss until March 16, 2011, approximately six months after the so-called error. (Rec. Doc. No. 33.) Consequently, Plaintiff's reason for requesting reconsideration clearly does not constitute "newly discovered evidence." Plaintiff has not met her burden to provide any newly discovered or previously unavailable evidence. *See Pamlab*, 2011 WL 63891 at *3. Plaintiff's Motion should be denied.

    **C.**    **This Court correctly determined that Plaintiff's predatory lending claim is *res judicata*.**

Plaintiff argues that she is not attempting to relitigate a matter which could have been brought in the bankruptcy proceeding, and that she is attempting to raise her predatory lending claim as a separate issue before this Court. (Rec. Doc. No. 35 at 1-2.) She relies on the notion

919358.1

4

that the bankruptcy court's dismissal of her Motion to Review Loan means that her predatory lending claim was never decided and thus, is not *res judicata*. (Rec. Doc. No. 35-1 at 2.) Plaintiff is wrong. It is the confirmation of her Chapter 13 plan that renders the predatory lending claim *res judicata*.

"The critical question for *res judicata* purposes is whether the party could or should have asserted the claim in the earlier proceeding." *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 174 (5th Cir. 1992) (citations omitted). It is well-settled that a bankruptcy court's order confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes. *Id.* at 170 (citations omitted). "Like final judgments, confirmed plans of reorganization are binding on all parties, and issues that could have been raised pertaining to such plans are barred by *res judicata*." Id. at 171 (citations omitted).

In its Order and Opinion, the Court fittingly cites *In re Baudoin*, 981 F.2d 736, 739 (5th Cir. 1993) for the proposition any "attempt to relitigate matters that were raised or could have been raised during a bankruptcy proceeding are barred." (Rec. Doc. No. 33 at 4.) Application of the doctrine of *res judicata* is proper if: (1) the parties in the two actions are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases. *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 169 (5th Cir. 1992) (citations omitted). The Court found that all four requirements of this test were met, and expressly stated that "mortgage agreement between Plaintiffs and Ameriquest not only gives rise to the claims of this action, but

919358.1

also gave rise to Ameriquest's proof of claim in the 2004 bankruptcy, which was uncontested by Dardar." (Rec. Doc. No. 33 at 5.)

The undisputed facts of this case demonstrate that Plaintiff was aware of the alleged predatory tactics of Ameriquest during her bankruptcy proceedings. In Dardar's 2004 bankruptcy petition she lists a "claim against Ameriquest for predatory lending." (Rec. Doc. No. 7-3 at 1-2.) The Bankruptcy Petition also lists Ameriquest as a secured creditor with respect to the Plaintiffs' May 2003 mortgage loan. (Rec. Doc. No. 7-3 at 9.) On December 13, 2004, Dardar filed her Chapter 13 plan, in which she proposed to cure all arrearages owed to Ameriquest under the May 24, 2003 mortgage loan. (Rec. Doc. No. 7-3 at 34.) Dardar also proposed in the Plan that she would make regular payments to Ameriquest on its remaining secured claim. (Rec. Doc. No. 7-3 at 35.)

On February 11, 2005, Ameriquest filed a Proof of Claim in Dardar's bankruptcy action. (Rec. Doc. No. 7-3 at 37-38.) The Proof of Claim identified Ameriquest's secured claim on Plaintiffs' property arising from the May 2003 mortgage loan. *Id.* Dardar did not file an objection to Ameriquest's Proof of Claim, or file an adversary action. (*See generally* Rec. Doc. No. 14-1.)[1] On October 7, 2005, the bankruptcy court issued an order confirming Dardar's Plan. (Rec. Doc. No. 7-3 at 81.) On March 2, 2010 – more than four and a half years after the October 2005 order confirming Dardar's Plan – the bankruptcy court issued an order discharging Dardar after she completed all payments to Ameriquest under her Chapter 13 Plan. (Rec. Doc. No. 7-3 at 82.)

---

[1] This Court may take judicial notice of the docket of the bankruptcy court of the Eastern District of Louisiana. *See Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 520 n.3 (D. Maine 1990).

919358.1

6

In this case, Plaintiff claims that Ameriquest's alleged predatory lending tactics forced her into bankruptcy. These allegedly predatory tactics were known to Plaintiff during the bankruptcy proceedings. Any cause of action against Ameriquest based thereon could have and should have been raised in the bankruptcy proceeding. The confirmed bankruptcy plan, which failed to address Plaintiff's lender liability claim, now precludes any further action. Plaintiff's Motion for Reconsideration should be denied.

Respectfully submitted, this 18th day of April, 2011.

McGLINCHEY STAFFORD, PLLC

/s/ Angelina Christina
ANTHONY ROLLO (#1133)
LARRY FELDMAN, JR. (#5503)
ANGELINA CHRISTINA (#28530)
12th Floor, 601 Poydras Street
New Orleans, LA 70130
Telephone (504) 586-1200
Facsimile: (504) 596-2800

*Attorneys for Defendant Ameriquest Mortgage Company*

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2011, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants.

/s/ Angelina Christina
ANGELINA CHRISTINA