UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHANNON A. DARDAR, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                 **NO. 10-1589**

**AMERIQUEST MORTGAGE COMPANY, ET AL.**                    **SECTION "K"(5)**

### ORDER AND REASONS

Before the Court is a "Motion for Rehearing or Reconsideration of Portion of Court's Order and Opinion Dated March 16, 2011 " filed by Shannon Dardar ("Dardar")(Doc. 35). Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in the motion.

As plaintiff recognized in her "Reply to Opposition Memorandum of Ameriquest Mortgage Company," the instant motion is one which should be treated as a timely filed motion to alter or amend judgment as provided for by Rule 59(e) of the Federal Rules of Civil Procedure.

*See St. Paul Mercury Insurance Company v. Fairgrounds Corp., et al,* 123 F.3d 336, 339 (5th Cir.1997)(motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. LA Single, Inc.;* 77 F.3d 782, 785 n. 1 (5th Cir.1990)(motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

As this Court has previously noted:

> Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D.La.2/3/1998); *Bardwell v. Sharp,* 1995 WL 517120, *1 (E.D.La.8/30/1995). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standard 'favors denial of motions to alter or amend a judgment....." *Southern Contractors Group, Inc. v. Dynalectric Company,* 2 F.3d 606, 611 (5th Cir.1993) (citation omitted). As such, "the district

court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e) ]." *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993). Under the Rule 59(e) standard:

> [T]he court has considerable discretion in deciding whether to reopen a case.... That discretion, of course, is not limitless . . .[t]wo important judicial imperatives clash: The need to bring litigation to an end and the need to render just decisions on the basis of all the facts. The task of the district court in such a case is to strike the proper balance between these competing interests.

*Beanal v. Freeport-McMoran,* 1996 WL 476879 (E.D.La.1996)( *citing Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir.1990); *In re Ingram Towing Co.,* 1994 WL 660484 (E.D.La.1994).

*In re Katrina Canal Breaches Consolidated Litigation*, 2007 WL 496856, *1-*2 (E.D. La. Feb. 12, 2007).

There are four grounds upon which a Rule 59(e) can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Id.* citing *Motiva Enterprises LLC v. Wegmann* 2001 WL 246414 (E.D.La. March 12, 2001); *Clay v. Diachi Shipping,* 2000 WL 6269 (E.D. La. January 5, 2000). Nonetheless, a Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *Clay v. Daichi Shipping,*2000 WL 6269 (E.D.La. Jan. 5, 2000).

In the instant motion, plaintiff contends that the Court erred in dismissing the predatory lending claim as barred by res judicata because she reasons that it was "never ruled on." This contention is misplaced and erroneous. A review the Voluntary Petition filed in the United States Bankruptcy Court for the Eastern District of Louisiana on December 13, 2004, at page 2

of 2 pages of the Schedule of Personal Property demonstrates that Ms. Dardar noted at Item 20. styled "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to setoff claims" that she had a "[c]laim against Ameriquest for predatory lending." *In re: Shannon A. Dardar,* Case No. 04-19321, (Rec. Doc. 1). A plan was confirmed on October 7, 2005. (Bankruptcy Rec. Doc. 73). Thus, any claim for predatory lending was extinguished with the confirmation of the bankruptcy plan. *In re Baudoin*, 981 F.2d 736, 739 (5th Cir. 1993).

Dardar contends that she did not waive her claim as evidenced by her filing a "Motion to Revue Loan Document" in her bankruptcy proceeding, *In re: Shannon A. Dardar,* Case No. 04-19321 (Doc. 125) on **December 11, 2009.** This filing was after the 2005 confirmation and had no force. In addition, she was **discharged** from bankruptcy on March 2, 2010.

She states in her motion that she filed the predatory lending claim in **this** suit "when the U.S. Bankruptcy (sic) failed to decide the claim through error and dismissed it as moot." The motion was still pending when Dardar filed the instant suit in state court on **April 8, 2010.** The "moot" order was signed on **September 22, 2010.** (Bankruptcy Rec. Doc. 165). A copy of the order dismissing her motion as moot was sent to Dardar by first class mail on September 25, 2010 to the address 22186 Strain Road, Mandeville, LA 70471-7804. (See Exh. 1 attached hereto). Thus, plaintiff's claim that she was unaware of the Court's confusion is meritless. She received notice and should have pursued an explanation in that Court. No appeal or pleading was filed in the bankruptcy court from that order. Clearly, she had already sought a remedy in state court, albeit foreclosed by virtue of the confirmation of her plan in the bankruptcy court, when the dismissal of the motion as moot occurred. There is no error.

As such, the Court finds that plaintiff's motion fails as she has not met any of the four grounds upon which a Rule 59(e) can be granted. There is no manifest error of law or fact upon which judgment is based. There was no new evidence presented. There is no "manifest injustice" presented under the standards of that rubric that can be addressed. Finally, there has been no intervening change in controlling law. Accordingly,

**IT IS ORDERED** that "Motion for Rehearing or Reconsideration of Portion of Court's Order and Opinion Dated March 16, 2011" (Doc. 35) is **DENIED**.

New Orleans, Louisiana, this 16th day of June, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　STANWOOD R. DUVAL, JR.
　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**